**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD HENRY JOHNSON, Jr., | No. 11-35930 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-00005-AA |
| v. | |
| RICK COURSEY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Oregon state prisoner Richard Henry Johnson, Jr., appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from a disciplinary hearing.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Johnson's double jeopardy claim because the prohibition against double jeopardy does not apply to prison disciplinary sanctions. *See United States v. Brown*, 59 F.3d 102, 104 (9th Cir. 1995) (per curiam) (prison disciplinary sanctions "are not punishment for purposes of double jeopardy because they are solely remedial").

The district court properly granted summary judgment on Johnson's Eighth Amendment claim because Johnson failed to raise a genuine dispute of material fact as to whether he suffered a deprivation resulting in "the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).

The district court properly granted summary judgment on Johnson's Fourteenth Amendment due process claims because Johnson failed to raise a genuine dispute of material fact as to whether some evidence supports the disciplinary decision, and prisoners have no constitutional right to cross-examine witnesses in disciplinary hearings. *See Superintendent, Mass. Corr. Inst., Waldpole v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary

board."); *Wolff v. McDonnell*, 418 U.S. 539, 567-68 (1974) (no constitutional right to cross-examine witnesses in prison disciplinary hearings).

**AFFIRMED.**